O; JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-10385 AHM<br>CR 08-1281 AHM | Date | March 13, 2013 |
| Title | JUAN APARICIO-LOPEZ v. UNITED STATES OF AMERICA | | |

| | | | |
|---|---|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys NOT Present for Plaintiffs: | | Attorneys NOT Present for Defendants: | |

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

The Court hereby GRANTS the government's motion to dismiss[1] Defendant Juan Aparicio-Lopez's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

After this Court denied a motion to suppress evidence of narcotics uncovered in a traffic stop, Aparicio-Lopez pled guilty to one count of possession of a controlled substance with intent to distribute. The Court subsequently sentenced Aparicio-Lopez to 120 months' imprisonment. The Ninth Circuit affirmed his conviction and sentence on appeal, and on October 3, 2011, the Supreme Court denied his petition for a writ of

---

[1] CR 08-1281 Dkt. 65. The government's motion was filed January 14, 2013. Aparicio-Lopez has not responded to that motion.

[2] CR 08-1281 Dkt. 62; CV 12-10385 Dkt. 1.

O; JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10385 AHM<br>CR 08-1281 AHM | Date | March 13, 2013 |
|---|---|---|---|
| Title | JUAN APARICIO-LOPEZ v. UNITED STATES OF AMERICA | | |

certiorari.  *United States v. Aparicio-Lopez*, 425 F. App'x 655 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 238 (2011).  On December 5, 2012, Aparicio-Lopez filed the instant motion, asserting that his trial counsel was ineffective.

A one-year statute of limitations applies to motions filed under § 2255.  The limitation period runs from the latest of:

   1) the date on which the judgment of conviction becomes final;

   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

   (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

O; JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10385 AHM<br>CR 08-1281 AHM | Date | March 13, 2013 |
|---|---|---|---|
| Title | JUAN APARICIO-LOPEZ v. UNITED STATES OF AMERICA | | |

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f). Aparicio-Lopez does not assert that any of the grounds enumerated in subsections (2)-(4) apply. Accordingly, the one-year limitations period began running when the Supreme Court denied his petition for certiorari on October 3, 2011. *See Clay v. United States*, 537 US. 522, 532 (2003) (holding that a conviction becomes "final" under § 2255(f)(1) when the Supreme Court denies certiorari). As such, Aparicio-Lopez's motion, which was filed on December 5, 2012, is untimely.[3]

Although equitable tolling may sometimes excuse the untimely filing of a § 2255 motion, *see United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004), Aparicio-Lopez has not demonstrated that he is entitled to that relief. Aparicio-Lopez alleges that prison law library clerks informed him that he did not have to file the motion until

---

[3] Application of the so-called "mailbox rule" would not save Aparicio-Lopez's petition, because the petition is dated November 20, 2012. *See, e.g., Noble v. Adams*, 676 F.3d 1180, 1182 (9th Cir. 2012). Even if it was mailed that day, that would have been more than a month after the limitations period expired.

O; JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10385 AHM<br>CR 08-1281 AHM | Date | March 13, 2013 |
|---|---|---|---|

| Title | JUAN APARICIO-LOPEZ v. UNITED STATES OF AMERICA |
|---|---|

January 28, 2013, but this alleged misadvice does not entitle him to equitable tolling of his motion. The Ninth Circuit has made clear that erroneous advice regarding the limitations period "do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling." *See Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001).

Accordingly, the Court DISMISSES Aparicio-Lopez's motion as untimely and GRANTS the government's motion to dismiss.

No hearing is necessary. Fed. R. Civ. P. 78; L.R. 7-15.

_____ : _____

Initials of Preparer _____